**Hee Soon YUN, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration,\* Defendant—Appellee.**

No. 01–57040.
D.C. No. CV–00–05677–RZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2003.\*\*

Decided Feb. 20, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

MEMORANDUM\*\*\*

Hee Soon Yun ("Yun") appeals the district court's order affirming the Social Security Administration Commissioner's decision denying her disability benefits and insurance.

---

\* Jo Anne B. Barnhart is substituted for her predecessor, Kenneth S. Apfel, as Commissioner of Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

We review de novo a district court's decision upholding the Commissioner's denial of benefits. *Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir.2002). We must affirm the Commissioner's decision if it is supported by substantial evidence and if the Commissioner applied the correct legal standards. *Pagter v. Massanari*, 250 F.3d 1255, 1258 (9th Cir.2001).

However, "[o]nce the claimant produces medical evidence of an underlying impairment, the [ALJ] may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir.1991) (en banc)); *see also Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir.1995) ("[O]nce an impairment is medically established, the ALJ cannot require medical support to prove the *severity* of the pain."). Rather, the ALJ must "point to specific facts in the record which demonstrate that [Yun] is in less pain than she claims." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

"Unless there is affirmative evidence showing that [Yun] is malingering, the [ALJ's] reasons for rejecting [her] testimony must be clear and convincing." *Reddick*, 157 F.3d at 722 (internal quotation marks omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines [Yun's] complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1996)).

The record contains no evidence of malingering. Yun testified that she suffers from lower back pain, which radiates down her right leg. She cannot stand for more than five minutes or walk more than one or two blocks without severe pain. Yun also told the ALJ that she cannot sit for long periods of time, nor can she find a comfortable resting position. Yun often wears a back brace and relies on a cane to walk. Her husband helps her with regular household chores.

The ALJ improperly relied on Dr. Boeck's statement that Yun demonstrated "some magnification of symptoms which seem to be out of proportion to the actual observed physical findings"; this statement is not a clear and convincing reason for discounting Yun's complaints of pain. Nor is Yun's mistaken assertion that she was issued a walker when she left the hospital following her injury clear and convincing evidence sufficient to discredit Yun's subjective pain.

The ALJ erroneously concluded that Yun's presence on a boat on Memorial Day suggested that she could perform some work-related functions. The record does not indicate what physical activity Yun engaged in on this boat–if any–nor does it demonstrate her ability to spend a substantial part of her day participating in such activity. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir.2001).

The ALJ also erroneously rejected the opinion of Dr. Lee, Yun's treating physician. "[A]n opinion of disability premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations may be disregarded, *once those complaints have themselves been properly discounted.*" *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995) (emphasis added) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1463–64 (9th Cir. 1995)). Yun's subjective complaints of pain were not discounted properly.

Finally, because Yun suffers a non-exertional limitation–pain–that is "sufficiently severe so as to significantly limit the range of work permitted by [her] exertional limitations, the grids are inapplicable." *Burk-*

*hart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir.1988) (internal quotation marks and citations omitted).

We reverse the judgment of the district court and remand with instructions to remand to the ALJ for an award of benefits. *Reddick*, 157 F.3d at 730.

**REVERSED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.